**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4274**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE MONK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., Senior District Judge. (1:03-cr-00407-FWB)

Submitted: February 21, 2007     Decided: March 29, 2007

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Monk was convicted of wire fraud and money laundering and was sentenced to eighty-seven months in prison. We previously vacated his sentence and remanded for resentencing in accordance with United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). At resentencing, the district court again imposed a sentence of eighty-seven months. Monk's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Monk has filed a pro se supplemental brief. We affirm.

Our review of the record discloses no error. The sentence imposed falls below the applicable statutory maximums. See 18 U.S.C. §§ 1343, 1956(a)(1)(A)(I) (2000). Further, the guideline range of 87-108 months was correctly calculated.[*] Therefore, Monk's sentence was presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). The district court referred to both the guideline range and the sentencing factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) in sentencing Monk. Based on

---

[*]With regard to guideline calculations, we note, contrary to Monk's assertion in his pro se brief, that the district court correctly made requisite factual determinations based on a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Further, Monk incorrectly argues that he should have been sentenced based only on conduct involved in the two counts of conviction, rather than based on all relevant conduct determined by a preponderance of the evidence. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (2003).

these considerations, the court found no reason to sentence Monk below the advisory guideline range, and imposed the sentence of eighty-seven months.  We conclude that the sentence is reasonable. See United States v. Hughes, 401 F.3d at 546-47.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm.  This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We deny the motion to dismiss and remand.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED